FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ APR 25 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
OSARETIN IGHILE,

            Plaintiff,

- against-

KINGSBORO ATC and the NEW YORK
STATE OFFICE OF ALCOHOLISM
AND SUBSTANCE ABUSE SERVICES,

            Defendant.
-------------------------------------------------------X

MEMORANDUM DECISION
AND ORDER
16-CV-4294 (AMD) (JO)

**ANN M. DONNELLY, United States District Judge:**

On August 6, 2016, the *pro se* plaintiff, Osaretin Ighile, filed a complaint against his former employers, Kingsboro Addiction Treatment Center ("Kingsboro ATC") and the New York State Office of Alcoholism and Substance Abuse Services ("OASAS"), under 42 U.S.C. § 1983, alleging due process violations under the Fourteenth Amendment.[1] (ECF No. 1, at 4-5.) In addition, the plaintiff alleges that the defendants violated "PEF Labor Protection Article 16."[2] (*Id.*) The plaintiff seeks damages in the amount of $2,600,000, including "all back pay from 2007 with interest," and reinstatement to his former position. (*Id.*) On April 25, 2017, the defendants moved to dismiss the plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 18, at 1.) For the reasons discussed below, the plaintiff's complaint is dismissed.

## BACKGROUND

---

[1] This case was reassigned from Judge Sandra L. Townes to me on February 21, 2018.
[2] The plaintiff may be referring to a union agreement between the State of New York and the New York State Public Employees Federation ("PEF") Labor Protection.

1

This is the second action the plaintiff has filed in connection with his employment. In January of 2008, the plaintiff sued his former employers—Kingsboro ATC, OASAS, and his supervisor, Joseph Pais—alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the New York City Human Rights Law. (*See Ighile v. Kingsboro ATC*, No. 08-cv-450.)[3] Judge Townes presided over that case and dismissed the plaintiff's claims. She dismissed the plaintiff's Title VII claims against Joseph Pais in 2009, and his Title VII claims against Kingsboro ATC and OASAS as time-barred in 2012. (*See id.*, ECF No. 30, at 2; ECF No. 75.) Judge Townes declined to exercise supplemental jurisdiction over the plaintiff's state law claim, and dismissed the action. (*See id.*, ECF No. 75.) The Second Circuit affirmed Judge Townes' decision on April 8, 2014. (*See id.* at ECF No. 78.)

The plaintiff filed this *pro se* form complaint on August 2, 2016, alleging violations of the Fourteenth Amendment's due process clause under 42 U.S.C. § 1983, and violations of the PEF Labor Protection, Article 16.[4] The factual allegations in the plaintiff's complaint and letter submissions are sparse.[5] According to his papers, the plaintiff worked as a "senior recreation therapist" for the defendants at Kingsboro ATC. He claims that his supervisor harassed him, and that he was subjected to a hostile working environment; this harassment "precipitated [his]

---

[3] I take judicial notice of the records filed in *Ighile v. Kingsboro ATC*, No. 08-cv-450 (SLT) (LB), "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

[4] In his complaint, the plaintiff appears to assert a separate Fourteenth Amendment claim against the defendants. However, I will construe this constitutional claim to arise under Section 1983 because "a constitutional claim may not be brought directly under the United States Constitution where a statutory vehicle for the assertion of such a claim exists." *Alleyne v. New York State Educ. Dep't*, 691 F. Supp. 2d 322, 336 (N.D.N.Y. 2010); *see Lehman v. Doe*, 66 F. App'x 253, 255 (2d Cir. 2003) (summary order) ("[W]hen § 1983 provides a remedy, an implied cause of action grounded directly in the Constitution is not available."); *Marino v. City Univ. of New York*, 18 F. Supp. 3d 320, 329 (E.D.N.Y. 2014).

[5] Because the plaintiff is proceeding *pro se*, I consider the factual allegations contained in his January 5, 2017 response to the defendants' motion for a pre-motion conference. (ECF No. 13.) *See, e.g., Perez v. Ponte*, 236 F. Supp. 3d 590, 604 (E.D.N.Y. 2017), *report and recommendation adopted*, No. 16-CV-645 (JFB)(AKT), 2017 WL 1050109 (E.D.N.Y. Mar. 15, 2017) (collecting cases where courts considered factual allegations set forth in the plaintiff's opposition papers and letter submissions to resolve a motion to dismiss).

temporary departure from Kingsboro to another agency . . . OMH (Office of Mental Health)."
(ECF Nos. 1, 13.) The plaintiff did not include any facts to support his claims, nor did he explain how or when his employment with the defendants ended.[6]

On April 25, 2017, the defendants moved to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Judge Townes ordered the plaintiff to file his opposition by March 21, 2017 but the plaintiff did not do so. (ECF No. 14.) Judge Townes extended the plaintiff's time to respond to October 27, 2017; the plaintiff responded on November 7, 2017 with a one-page letter claiming that "his opposition papers were duly filed." (ECF Nos. 24, 26.) Thus, I consider the defendants' motion fully briefed.

## DISCUSSION

### A. Standards of Review

The defendants make a number of arguments for dismissal, including Eleventh Amendment immunity, failure to state a claim, statute of limitations, and *res judicata*. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Although a court must "accept as true all the material factual allegations contained in the complaint, it is "not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004); *Garcia v. Lasalle Bank NA.*, No. 16 CIV. 3485 (PAE), 2017 WL 253070, at *3 (S.D.N.Y. Jan. 19, 2017). When considering a motion for lack of subject matter jurisdiction under Rule 12(b)(1), courts may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional

---

[6] The defendants say that the plaintiff worked at Kingsboro ATC from 2000 until 2007 and voluntarily resigned as part of a settlement agreement of a disciplinary proceeding brought against him. (ECF No. 18, at 1.) Because the plaintiff did not plead these facts in this case, I cannot accept the defendant's statement of facts as true for purposes of this motion.

3

question. *Garcia*, 2017 WL 253070, at *3; *see also Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 191 (E.D.N.Y. 2013); *Blumberg v. Nassau Health Care Corp.*, 378 F. Supp. 2d 122, 124 (E.D.N.Y. 2005).

On the other hand, a court considering a Rule 12(b)(6) motion must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012). In addition, a court is limited to the factual allegations in the complaint, the documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, and documents either in the plaintiffs' possession or of which the plaintiffs had knowledge and relied on in bringing suit. *Faconti v. Potter*, 242 F. App'x 775, 777 (2d Cir. 2007) (internal citations and quotations omitted) (summary order); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008).

**B. Sovereign Immunity**

The defendants argue that the plaintiff's Section 1983 claims against OASAS and Kingsboro ATC are barred by the doctrine of sovereign immunity.[7] I agree. In addition, I find that the doctrine of sovereign immunity applies with equal force to the plaintiff's state law claims. Thus, the complaint is dismissed in its entirety.

The Eleventh Amendment "bar[s] federal suits against state governments by a state's own citizens." *Woods v. Rondout Valley Central Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir.2006); *see also KM Enters., Inc. v. McDonald*, 518 F. App'x 12, 13 (2d Cir. 2013) ("As a

---

[7] There remains "some uncertainty in the Second Circuit" as to whether an Eleventh Amendment defense should be raised under Rule 12(b)(1) or Rule 12(b)(6). *See, e.g., Tiraco*, 963 F. Supp. 2d at 191 n.6; *Karris v. Burns*, No. 15-CV-599-RJA-MJR, 2017 WL 6989116, at *3 n.3 (W.D.N.Y. Apr. 11, 2017), *report and recommendation adopted*, No. 15-CV-599-A, 2018 WL 465985 (W.D.N.Y. Jan. 18, 2018). However, the differences between the legal standards do not affect my decision because I draw all reasonable inferences in the plaintiff's favor and dismiss his claims based solely on the pleadings and on matters of which I can take judicial notice.

general matter, states enjoy sovereign immunity from suit in federal court, even if the claim arises under federal law."); *Boyland v. Wing*, 487 F. Supp. 2d 161, 180 (E.D.N.Y. 2007). This bar precludes "suits that seek either money damages, or injunctive relief" against the State. *McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001). Moreover, Eleventh Amendment immunity extends "beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." *Woods*, 466 F.3d 232 at 236. *See also Walker v. City of Waterbury*, 253 F. App'x 58, 60 (2d Cir. 2007) (summary order) (Eleventh Amendment immunity applies to state agencies); *see also Corrado v. New York Office of Temp.*, No. 15-CV-7316 SJF)(AYS), 2016 WL 3181128, at *3 (E.D.N.Y. June 2, 2016).

There are three limited exceptions to state sovereign immunity. First, a plaintiff may sue a state entity if the state waives its immunity by consenting to suit in federal court. *See Woods*, 466 F.3d 232 at 236; *Walker*, 253 F. App'x at 60. Second, a plaintiff may sue a state if Congress enacts legislation specifically abrogating state sovereign immunity. *See, e.g., Woods*, 466 F.3d 232 at 236; *Naples v. Stefanelli*, 972 F. Supp. 2d 373, 390–91 (E.D.N.Y. 2013); *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 192 (E.D.N.Y. 2013). Third, under the *Ex parte Young* doctrine, a plaintiff may sue "a state official acting in his official capacity . . . for 'prospective injunctive relief' from violations of federal law." *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007); *see also Marino v. City Univ. of New York*, 18 F. Supp. 3d 320, 329 (E.D.N.Y. 2014) ("It is beyond dispute that *Ex parte Young* actions may be maintained for violations of . . . 42 U.S.C. § 1983."); *Tiraco*, 963 F. Supp. 2d at 191-92.

The plaintiff's Section 1983 claims against the defendants are barred by sovereign immunity because OASAS and Kingsboro ATC, a treatment center licensed and operated by the OASAS, are "arms of the State" for Eleventh Amendment purposes. *See Johnson v. NYS Office*

*of Alcoholism*, No. 16-CV-9769 (RJS), 2018 WL 1353258, at *3 (S.D.N.Y. Mar. 13, 2018) ("[T]here can be no dispute that OASAS is a New York State agency and therefore an arm of the State for Eleventh Amendment purposes."); New York State OASAS, Kingsboro, https://www.oasas.ny.gov/atc/kingsboro/general.cfm ("Kingsboro is licensed and operated by the New York State Office of Alcoholism and Substance Abuse Services (OASAS)."). *See also McNeil v. New York State Office of Substance Alcoholism & Substance Abuse Servs.*, No. 14CV2379NGGCLP, 2017 WL 1194655, at *4 (E.D.N.Y. Mar. 31, 2017); *Thomas-Ateba v. SAMHSA of U.S. Gov't*, No. 13-CV-4662 ARR, 2014 WL 1414577, at *3 n.4 (E.D.N.Y. Apr. 10, 2014); *Lyman v. NYS OASAS*, 928 F. Supp. 2d 509, 529 (N.D.N.Y. 2013).

Moreover, none of the exceptions to sovereign immunity applies to the plaintiff's Section 1983 claims. "New York has not consented to § 1983 suits in federal court, and [] § 1983 was not intended to override a state's sovereign immunity." *Mamot v. Bd. of Regents*, 367 Fed. App'x. 191, 192 (2d Cir. 2010) (summary order) (internal citations omitted); *see also Garcia*, No. 13-CV-2868 KAM, 2014 WL 298593, at *3; *Marino v. City Univ. of New York*, 18 F. Supp. 3d 320, 335 (E.D.N.Y. 2014). Although the plaintiff's complaint seeks reinstatement to his former employment—injunctive relief that is not barred by the Eleventh Amendment[8]—he did not properly assert this claim against a state official acting in his or her official capacity. *See Santiago v. New York State Dep't of Corr. Servs.*, 945 F.2d 25, 32 (2d Cir. 1991) (dismissing the plaintiff's claim for an injunction against DOCS because "it does not follow the requirement, established in *Ex Parte Young*, that a plaintiff seeking prospective relief from the state must

---

[8] "Every Circuit to have considered the issue, including our own, has held that claims for reinstatement to previous employment satisfy the Ex parte Young exception to the Eleventh Amendment's sovereign immunity bar." *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 96 (2d Cir. 2007); *see also Dotson v. Griesa*, 398 F.3d 156, 178 (2d Cir. 2005) ("A court order of reinstatement, whether of government benefits or employment, is not barred by sovereign immunity.").

name as defendant a state official rather than the state or a state agency directly . . . ."); *Tiraco*, 963 F. Supp. 2d at 192 (dismissing the plaintiff's claims for injunctive and declaratory relief for the same reason). Nor did the plaintiff plead any ongoing violations of the Fourteenth Amendment or any other federal law. *See Tiraco*, 963 F. Supp. 2d at 192 n.8 (*Ex parte Young* exception also does not apply because the "[p]laintiff fail[ed] to adequately plead any violation of federal law, much less an *ongoing* violation of federal law").

To the extent that the plaintiff asserts a breach of contract claim against the defendants based on PEF Labor Protection Article 16, this claim is also barred by sovereign immunity, regardless of the type of relief sought. *See Morningside Supermarket Corp. v. New York State Dep't of Health*, 432 F. Supp. 2d 334, 339 (S.D.N.Y. 2006) (dismissing state claims regardless of the relief sought because "'the Eleventh Amendment bars . . . consideration of purely State law claims' brought against states.") (citing *Concourse Rehabilitation & Nursing Ctr., Inc. v. DeBuono*, 179 F.3d 38, 44 (2d Cir. 1999)); *see also Sank v. City Univ. of New York*, 112 F. App'x 761, 763 (2d Cir. 2004) (summary order); *Naples v. Stefanelli*, 972 F. Supp. 2d 373, 391 (E.D.N.Y. 2013). The defendants did not waive their immunity, and it is "well-established that '[t]he Eleventh Amendment bars federal suits against state officials on the basis of state law.'" *Carvel v. Cuomo*, 357 Fed. Appx. 382, 383 (2d Cir. 2009) (summary order) (*quoting Allen v. Cuomo*, 100 F.3d 253, 260 (2d Cir.1996)); *see also Emmons v. City Univ. of New York*, 715 F. Supp. 2d 394, 419 (E.D.N.Y. 2010), *modified* (July 2, 2010).

Accordingly, the plaintiff's federal and state claims are dismissed in their entirety. To the extent that the plaintiff seeks exclusively monetary relief against the state defendants under Section 1983, those claims are barred by sovereign immunity and they are dismissed with

7

prejudice. The plaintiff's state claims against the defendants are also dismissed with prejudice. The plaintiff, however, may amend his Section 1983 claim for prospective injunctive relief.

### C. Failure to State a Claim

Having dismissed the plaintiff's federal and state claims on the basis of Eleventh Amendment, I need not reach the defendants' alternative arguments. In any event, even if I had jurisdiction, the complaint fails to state a claim.

The plaintiff's Section 1983 allegations do not state a proper claim for relief because state agencies are not "persons" subject to suit under this statute. *Rubin v. New York State Dep't of Motor Vehicles*, No. 10-CV-4119 NGG, 2010 WL 3842011, at *2 (E.D.N.Y. Sept. 28, 2010) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63–66 (1989)).

In addition, other than the fact that he was previously employed as a senior therapist at Kingsboro ATC, the plaintiff did not plead any facts in support of his federal or state claims. Although I must construe a *pro se* complaint broadly and interpret it to raise the strongest arguments that it suggests, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a complaint must still plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court "cannot invent factual allegations that [the *pro se* plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). The plaintiff did not allege any facts to support his conclusion that he was deprived of his constitutional rights, nor did he allege how the defendants violated state law. These "conclusory" allegations are insufficient to state a claim for relief under either federal or state law, and the complaint is

8

dismissed for failure to state a claim.[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

### D. Leave to Amend

Although the plaintiff has not sought to amend his complaint, given his *pro se* status, and the Second Circuit's preference that *pro se* plaintiffs be given leave to amend their complaints, the plaintiff may file an amended complaint within 30 days of this Order in accordance with this decision. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A district court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (internal quotation marks omitted); *Estes v. Toyota Fin. Serv.*, No. 14-CV-1300 JFB SIL, 2015 WL 222137, at *2 (E.D.N.Y. Jan. 13, 2015). If the plaintiff wishes to amend his Section 1983 claim for injunctive relief, he must name appropriate state officials as defendants to invoke the *Ex parte Young* doctrine, and he must allege facts sufficient to state an ongoing violation of federal law, including the date of his termination, the circumstances of his termination, and what actions the state officials personally took, or failed to take, that deprived the plaintiff of his constitutional rights. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. If the plaintiff decides not to file an amended complaint, or fails to timely do so, the action will be dismissed.

## CONCLUSION

---

[9] The defendants also urge dismissal on the basis of statute of limitations and *res judicata*. Because the plaintiff's complaint includes no factual allegations, and neither defense is clear from the face of the complaint, I decline to dismiss the complaint on those grounds at this time. *See, e.g., Fargas v. Cincinnati Mach., LLC*, 986 F. Supp. 2d 420, 427 (S.D.N.Y. 2013) ("[A] pre-answer motion to dismiss on this ground may be granted only if it is clear on the face of the complaint that the statute of limitations has run."); *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 299 (E.D.N.Y. 2013) (a party may raise a defense of *res judicata* "only where the basis for that defense is set forth on the face of the complaint or established by the public record.") The defendants may renew these arguments if the plaintiff files an amended complaint.

For the reasons explained, the defendants' motion to dismiss [17] is granted in part and denied in part. The plaintiff has 30 days from the date of this Order to file an amended complaint as detailed above.

**SO ORDERED.**

                                                                       s/Ann M. Donnelly
                                                                      _____
                                                                      Ann M. Donnelly
                                                                      United States District Judge

Dated: Brooklyn, New York
        April 25, 2018