FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 18 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
OSARETIN IGHILE,

        Plaintiff,

  - against-

KINGSBORO ATC, *et al.*

        Defendants.
-------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**
16-CV-4294 (AMD) (JO)

**ANN M. DONNELLY, United States District Judge:**

On August 6, 2016, the *pro se* plaintiff filed a complaint against his former employers, Kingsboro Addiction Treatment Center ("Kingsboro ATC") and the New York State Office of Alcoholism and Substance Abuse Services ("OASAS"), under 42 U.S.C. § 1983, alleging due process violations under the Fourteenth Amendment and "PEF Labor Protection Article 16." (ECF No. 1, at 4-5.) On April 25, 2018, I dismissed the plaintiff's complaint, but granted him leave to amend the complaint to include a valid Section 1983 claim for injunctive relief. (ECF No. 29.) On May 25, 2018, the plaintiff filed an amended complaint against Kingsboro ATC and OASAS, and added individual defendants Joseph Pais, Kenneth Lee, and Carry Michaels. (ECF No. 30.)[1] On July 6, 2018, defendants Kingsboro ATC and OASAS moved to dismiss the amended complaint. (ECF No. 36.) For the reasons discussed below, the plaintiff's amended complaint is dismissed with prejudice.

---

[1] It appears that Joseph Pais, Kenneth Lee, and Carry Michaels were never properly served with the amended complaint. Because any Section 1983 claims against the individual defendants arising from events that may have taken place in 2007 or earlier are time barred, *see infra*, there is no reason to give the plaintiff an opportunity to correct the defect in service.

1

## BACKGROUND

This is the third complaint that the plaintiff has filed in connection with his employment at Kingsboro ATC, which ended in 2007. In January of 2008, the plaintiff sued Kingsboro ATC, OASAS, and his supervisor, Joseph Pais, alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the New York City Human Rights Law. (*See Ighile v. Kingsboro ATC*, No. 08-CV-450.)[2] Judge Townes dismissed the plaintiff's Title VII claims against Joseph Pais and granted the defendants' motion for summary judgment on the plaintiff's Title VII claims against Kingsboro ATC and OASAS. (*Id.*, ECF No. 30, at 2; ECF No. 75.) Judge Townes held that the plaintiff's Title VII claims, which arose out of events that allegedly preceded the plaintiff's departure from Kingsboro ATC in 2007, were time-barred in 2012. (*Id.*, ECF No. 75 at 6.) The Second Circuit affirmed Judge Townes' decision on April 8, 2014. (*Id.*, ECF No. 78.)

The plaintiff filed the original complaint in this action on August 2, 2016, alleging violations of the Fourteenth Amendment's due process clause under 42 U.S.C. § 1983, and violations of the PEF Labor Protection, Article 16. (ECF No. 1.) The plaintiff claimed that his supervisor harassed him and subjected him to a hostile working environment when he was a "senior recreation therapist" for the defendants at Kingsboro ATC. (ECF Nos. 1, 13.) On April 25, 2018, I held that the plaintiff's Section 1983 claim and state law claims against OASAS and Kingsboro ATC were barred under the Eleventh Amendment by the doctrine of sovereign immunity, but granted him leave to amend his Section 1983 claim. (ECF No. 29 at 4-8.) I also held that the plaintiff failed to state a claim under Federal Rules of Civil Procedure 12(b)(1) and

---

[2] I take judicial notice of the records filed in *Ighile v. Kingsboro ATC*, No. 08-CV-450 (SLT) (LB), "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

(6) because he did not allege any facts to support his allegation that he was deprived of his constitutional rights, nor did he allege how the defendants violated state law. (*Id.* at 8-9.)

When I granted the plaintiff leave to amend his complaint, I was specific: "If the plaintiff wishes to amend his Section 1983 claim for injunctive relief, he must name appropriate state officials as defendants to invoke the *Ex parte Young* doctrine, and he must allege facts sufficient to state an ongoing violation of federal law, including the date of his termination, the circumstances of his termination, and what actions the state officials personally took, or failed to take, that deprived the plaintiff of his constitutional rights." (*Id.* at 9.) To the extent the plaintiff sought monetary damages ("back pay") for violations of Section 1983, I dismissed his claims with prejudice. (*Id.* at 7-8.) Accordingly, in interpreting the amended complaint to raise the strongest possible arguments, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), I consider whether the plaintiff has raised a valid claim for injunctive relief under Section 1983.

## DISCUSSION

Because the plaintiff is proceeding *pro se*, I construe his pleadings liberally, and interpret the amended complaint to raise the strongest arguments it suggests. *See Erickson*, 551 U.S. at 94; *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999). A *pro se* plaintiff "must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346, 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (quoting *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005)). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The requirement of subject matter jurisdiction cannot be waived, *United States v. Cotton*, 535 U.S. 625, 630 (2002), and its absence may be raised at any time by a party or by the court *sua sponte*, *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434, (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). When a court does not have subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3).

### A. Claims Against Individual Defendants Pais, Lee, and Michaels

The amended complaint "arises from Defendants failure to reinstate [the plaintiff]; failure to re-hire; termination of [his] employment, failure to promote; failure to interview [him] for a posted [sic]…[and] retaliation by stating that [he] wasn't the type of individual they were looking for." (ECF No. 30 ¶ 1.) The plaintiff says that "all defendants" participated in a hostile work environment for over three years, and that they targeted him because of his race and "national origin as an African immigrant."[3] (*Id.* ¶¶ 2,3,8.) The plaintiff also alleges that Pais "took" the plaintiff's office, refused the plaintiff "necessary ongoing in-house training," and threw away the plaintiff's electric ceramic cane, which he claims is worth $10,000. (*Id.* ¶¶ 1,7,10.) The plaintiff does not cite any specific conduct by Lee or Michaels. As far as relief, the plaintiff says that he is "seeking to return to his Senior recreational therapist title." (*Id.* at 2.)

---

[3] These allegations appear to claim Title VII discrimination, but as Judge Townes held in 2012, the statute of limitations expired on any Title VII claims against Kingsboro ATC and OASIS as early as 2010. (*See* 08-CV-00450, ECF Nos. 30,75.) Title VII does not permit claims against individuals. (*Id.*)

4

Under the *Ex parte Young* doctrine, which is an exception to the Eleventh Amendment bar against suing state entities,[4] a plaintiff may sue "a state official acting in his official capacity ... for 'prospective injunctive relief' from violations of federal law." *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007); *see also Marino v. City Univ. of New York*, 18 F. Supp. 3d 320, 329 (E.D.N.Y. 2014). The Second Circuit has held that claims for reinstatement to previous employment fall under the *Ex parte Young* exception. *See e.g., State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 96 (2d Cir. 2007); *see also Dotson v. Griesa*, 398 F.3d 156, 178 (2d Cir. 2005) ("A court order of reinstatement, whether of government benefits or employment, is not barred by sovereign immunity.").

The plaintiff says that he is seeking reinstatement to his previous position and names individual defendants in the amended complaint, but in order to properly assert the *Ex parte Young* exception, he must plead an ongoing violation of federal law. *See State Employees*, 494 F.3d at 96 ("We are specifically required by *Ex parte Young* to examine whether there exists an ongoing violation of federal law."); *Pierre v. New York State Dep't of Corr. Servs.*, No. 05-CV-0275, 2009 WL 1583475, at *18 (S.D.N.Y. June 1, 2009) (dismissing plaintiff's discrimination claims as barred because an "isolated incident of alleged disability discrimination, in conjunction with conclusory language requesting unspecified injunctive relief, is insufficient for purposes of *Ex parte Young*"). The plaintiff describes past events at Kingsboro ATC and conduct by Pais that happened before the plaintiff left his job in 2007. Even if the individual defendants' purported misconduct constituted a violation of federal law, the plaintiff does not claim that there is ongoing misconduct. Therefore, *Ex parte Young* does not apply to the plaintiff's claims and

---

[4] *See* ECF No. 29 at 4-8 (explaining state sovereign immunity under the Eleventh Amendment and three limited exceptions to the bar on federal lawsuits against state entities); *Ex parte Young*, 209 U.S. 123 (1908).

5

they are barred by the Eleventh Amendment. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993) ("the [*Ex parte Young*] exception is narrow: It applies only to prospective relief, [and] does not permit judgments against state officers declaring that they violated federal law in the past"); *State Employees,* 494 F.3d at 96; *Pierre,* 2009 WL 1583475 at *17-18.

The plaintiff's claims against Pais, Lees and Michaels are dismissed. In addition, because it appears that any claims under Section 1983 that arise out of events that happened before 2007 are time-barred as a matter of law, *see Hogan v. Fischer,* 738 F.3d 509, 517 (2d Cir. 2013) ("Section 1983 actions filed in New York are therefore subject to a three-year statute of limitations."), the plaintiff's claims are dismissed with prejudice. *See Colvin v. State Univ. Coll. at Farmingdale,* No. 13-CV-3595, 2014 WL 2863224, at *18 (E.D.N.Y. June 19, 2014) (dismissing claims under Section 1983 "in their entirety with prejudice as time-barred").

### B. Defendants Kingsboro ATC and OASIS

As I explained in my April 25, 2018 Order dismissing the original complaint, the Eleventh Amendment bars a suit against Kingsboro ATC and OASIS for violations of Section 1983. (*See* ECF No. 29 at 4-8.) Nothing in the amended complaint changes my previous order or the application of the law to the plaintiff's claims. Accordingly, to the extent the amended complaint states claims against Kingsboro ATC or OASIS, they are dismissed with prejudice.

### CONCLUSION

The defendants' motion to dismiss is granted. The plaintiff's claims are dismissed with prejudice.

**SO ORDERED.**

                                              s/Ann M. Donnelly
                                        _____
                                        Ann M. Donnelly
                                        United States District Judge

Dated: Brooklyn, New York
        January 18, 2019